IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

In re:

ACI Concrete Placement of Kansas, LLC

20160 West 191st Street
Spring Hill, Kansas 66083
Tax ID# 26-0457142

    Debtor.

Case No. 17-21770-11
Chapter 11

## MOTION FOR ENTRY OF AN ORDER (1) APPROVING DEBTOR'S METHOD OF FURNISHING ADEQUATE ASSURANCE OF PAYMENT FOR POST-PETITION UTILITY SERVICES; (2) PROHIBITING UTILITIES FROM DISCONTINUING, ALTERING, OR REFUSING SERVICE; AND (3) ESTABLISHING PROCEDURES FOR RESPONDING TO UTILITIES' REQUEST FOR ADEQUATE ASSURANCE OF PAYMENT

COMES NOW Debtor ACI Concrete Placement of Kansas, LLC by and through its undersigned counsel and pursuant to 11 U.S.C. § 366 files this Motion seeking the entry of an Order (1) Approving Debtor's Method of Furnishing Adequate Assurance of Payment for Post-Petition Utility Services; (2) Prohibiting Utilities from Discontinuing, Altering or Refusing Service; and (3) Establish Procedures for Responding to Utilities' Request for Adequate Assurance of Payment. In support of this Motion Debtor states as follows:

### I. BACKGROUND

1. On the 14th day of September, 2017, (the "**Petition Date**") the Debtor filed a Voluntary Petition under Chapter 11 of Title 11, the United States Bankruptcy Code.

2. Debtor continues to be in possession of its property and operates and manages its business as Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. An Official Committee of Unsecured Creditors has not been appointed.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(2)(A).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

7. The Debtor is a Kansas Limited Liability Company that operates under a common ownership structure with ACI Concrete Placement of Oklahoma, LLC, ACI Concrete Placement of Lincoln, LLC, KOK Holdings, LLC and OKK Equipment, LLC (the **"Associated Debtors"**). Debtor is a concrete pouring company that operates in both Kansas and Missouri. Debtor has three locations in Spring Hill, Kansas, Columbia, Missouri and Springfield, Missouri. Debtor was formed on July 1, 2007 and is one of the largest concrete pouring companies in the region. Over the past two years, the downturn in business for a location of one of the Associated Debtors, along with issues with the primary secured lender Equity Bank have led to a cash flow shortage and brought about the necessity of this filing.

8. The Debtor commenced this Chapter 11 case in order to stabilize its operations, close down the unprofitable location, sell unnecessary collateral and reorganize the secured Equity Bank loan. These steps will relieve Debtor's cash flow issues and allow it to function profitably going forward.

## II. RELIEF REQUESTED AND BASIS THEREFOR

9. In connection with the management and operation of the Associated Debtors, Debtor obtains gas, electrical, water, trash and telecommunication services from several utility companies or utility divisions ("**Utility Company**" or collectively "**Utilities**"). Any interruption in these services would seriously disrupt Debtor's normal day-to-day operations and disrupt services for customers thereby causing potentially irreparable harm to the ongoing cash flow and reorganization of the Debtor. A list of all Utility Companies that provide services to Debtor is attached as **Exhibit "A".**

10. Prior to the Petition Date, Debtor maintained adequate business relationships with the Utility Companies. To the best of Debtor's knowledge, as of the Petition Date, except for the current month's in-process usage, there were no significant defaults or arrearages with respect to any Utility Bill.

11. 11 U.S.C. § 366 governs the rights and obligations of utility companies providing services to Debtor.

12. In accordance with 11 U.S.C. § 366, Debtor believes that the following offer to provide adequate assurance of payment to the utilities is sufficient to preclude unilateral termination by a Utility Company under 11 U.S.C. § 366:

(a) Debtor shall timely pay for all post-petition utility services pursuant to the terms of the invoices and billing statements generated by the Utility Companies in the ordinary course of business;

(b) Debtor, within 14 days of entry of an Order approving this Motion, if requested by the Utility Company shall provide a deposit of such requesting Utilities equal to 2 weeks of the Utility Company's service, calculated by using the historical average expenditure over the past 12 months, as interim adequate assurance ("**Adequate Assurance Deposit**"), provided that such Utility Company does not already possess a security deposit equal to two weeks or more of payments based on a 12-month average, and further provided that such Utility Company is not paid in advance.

13. The Debtor submits that such Adequate Assurance Deposits, in conjunction with the Debtor's ability to pay future post-petition utility expenses based on its history of making such payments, constitutes adequate assurance of payment under Section 366 of the Bankruptcy Code.

14. The Debtor proposes that, as a condition of accepting the Adequate Assurance Deposit, any accepting Utility Company will be presumed to stipulate that it is receiving adequate assurance of payment per Section 366, and be further deemed to have waived its right to seek additional adequate assurance of payment during the pendency of Debtor's Bankruptcy Case, or any Jointly Administered case involving the Debtor, unless the Utility Company makes a request for additional adequate assurance within 30 days of the Petition Date.

15. All Utility Companies must return the Adequate Assurance Deposit within 5 days of the Effective Date of any confirmed Plan of Reorganization.

### III. PROCEDURES FOR ADDITIONAL REQUEST FOR ADEQUATE ASSURANCE OF PAYMENT

16. The Debtor seeks to establish procedures whereby a Utility Company can request additional assurance of payment if the Adequate Assurance Deposit is not accepted.

17. The following procedures are proposed:

   (a) Utility Companies shall not be able to condition, alter, or refuse service to the Debtor on account of the filing of the Chapter 11 Petition or any outstanding prepetition amounts owed to a Utility Company;

   (b) Debtor proposes to serve the Interim Order, if granted, via First Class mail within 7 days of the date of the Interim Order is granted on each Utility Company from which Debtor has received utility services. Debtor will file a Certificate of Service listing the names and addresses of these utilities after service is made. In the event any Utility Company is not served, Debtor would file a Notice of Supplemental Certificate of Service of the Interim Order indicating the name, address and method of service on this Utility Company.

(c) Any Utility Company would be allowed 30 days from the Petition Date to file a request for additional assurance of payment (an "**Additional Payment Request**") or in the case of a party omitted from the Initial Certificate of Service, that party would have 30 days from the date of service of the Interim Order by submitting a request to Debtor's Counsel.

(d) Such Additional Payment Request must be in writing, set for the location at which utility services are provided, set forth the name and address of the Utility Company, provide a summary of the Debtor's payment history and list any security deposits or other assurances provided by the Debtor, and set forth in detail why the treatment proposed herein is not sufficient and propose an alternate assurance of payment.

(e) If the Utility Company makes an Additional Payment Request that appears reasonable to Debtor, the Debtor would be authorized to comply with such request without further Court Order.

(f) If the Debtor believes such Additional Payment Request is unreasonable, Debtor shall have 30 days form the submission of the Additional Payment Request to file a motion ("**Adequate Assurance Determination Motion**") with the Court seeking a determination of the Adequate Assurance Payment, plus any other assurance offered by the Debtor, is adequate assurance of payment.

(g) Pending resolution of the Adequate Assurance Determination Motion, such Utility Company would be prohibited from altering, refusing, or discontinuing service to the Debtor on account of the filing of a Chapter 11 case, failure to provide adequate assurance, or failure to pay prepetition utility claims.

(h) If a Utility Company does not make an Additional Payment Request within 30 days of the Certificate of Service of any Order approving the method of furnishing adequate assurance as set forth herein, such Utility Company will be deemed to have waived its right to make an Additional Payment Request and will be deemed to have received adequate assurance of payment in accordance with Section 366(c) of the Bankruptcy Code.

### IV.  BASIS FOR RELIEF

18. Under 11 U.S.C. § 366(c)(1)(A), "assurance of payment" means:

   (i)   a cash deposit;
   (ii)  a letter of credit;
   (iii) a certificate of deposit;
   (iv)  a surety bond;
   (v)   a prepayment of utility consumption; or
   (vi)  another form of security that is mutually agreed on between the utility and the debtor of the trustee.

19. The procedures proposed by this Motion provide assurance of payment through a cash deposit or, alternatively, an existing cash deposit. "The legislative history of Section 366 establishes that the enactment of this section was to protect debtors from a cut-off of service by a utility because of the filing of the petition." *In re Syroco Inc.*, 374 B.R. 60, 61 (Bankr. D.P.R. 2007). Failure to respond to a motion proposing adequate assurance is grounds for the court to continue the injunction in favor of Debtors and against a Utility Company to alter, refuse or discontinue service under § 366. Id. At 61-62. "Section 366(c) empowers bankruptcy courts to establish the form of adequate assurance in appropriate cases." *In re Crystal Cathedral Ministries*, 454 B.R. 124, 132 (C.D. Cal. 2011).

20. This Motion also provides an opportunity for hearing on the adequacy of the assurance of payment if a Utility Company makes an Additional Payment Request, thereby satisfying §

6
Case 17-21770    Doc# 5    Filed 09/14/17    Page 6 of 8

366(c)(3), which allows for the Court to modify the amount of the assurance of payment under § 366(c)(2).

21. The relief requested herein is necessary to maintain the Debtor's prospect for reorganization. Interruption in utility services would negatively impact Debtor's business and lead to serious reduction in Debtor's income. Debtor's proposed relief provides adequate assurance of payment to Utility Companies in the form of a cash deposit, while providing the Utilities a method for modifying the proposed adequate assurance. At the same time, the proposed relief allows the Debtor to move forward with a plan of reorganization without having issues of adequate assurance to utilities lingering throughout the pendency of the case.

WHEREFORE, Debtor respectfully requests that the Court enter an order:

(1) Approving Debtor's proposed method of providing adequate assurance of payment for post-petition utility services;

(2) Prohibiting any Utility Company from unilaterally altering, refusing or discontinuing utility services to Debtor so long as Debtor is in compliance with this procedure, subject to subsequent modification by the Court after notice and hearing;

(3) Deeming the Utility Companies to be adequately assured of payment on the basis of the Adequate Assurance Deposit;

(4) Establishing procedures for resolving requests by Utilities for additional assurance of payment; and

(5) For such other relief as is just and proper.

THE SADER LAW FIRM

By: /s/ *Bradley D. McCormack*
Bradley D. McCormack, KS 21527
2345 Grand Boulevard, Suite 2150
Kansas City, Missouri 64108
816-561-1818
Fax: 816-561-0818
Direct Dial: 816-595-1802
Email: bmccormack@saderlawfirm.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was served via ECF and the Matrix by first class mail this 14th day of September, 2017.

*/s/ Bradley D. McCormack*
Bradley D. McCormack, Attorney